UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD F. SHANER,

       Plaintiff,

v.                                                                                  Case No. 1:06-CV-415

COMMISSIONER OF SOCIAL                              Hon. Gordon J. Quist
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's motion to dismiss plaintiff's complaint as untimely (docket no. 7).

**I.**     **Background**

Plaintiff filed an application for disability insurance benefits (DIB) on February 18, 2003, alleging disability beginning on November 22, 2000. ALJ's Decision (October 27, 2005) attached to defendant's brief as Exh. 1. The ALJ denied plaintiff's claim and found that he was not disabled as defined in the Social Security Act. *Id.* The Appeals Council denied plaintiff's request for review on April 8, 2006. Notice of Appeals Council Action attached to defendant's brief as Exh. 2. Plaintiff filed his complaint to appeal this decision on June 15, 2006. *See* docket no. 1. Defendant seeks to dismiss the complaint as untimely.

## II.     Legal standard

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).  The regulations provide that such a civil action:

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual. . . For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

Defendant does not bring this motion under any particular court rule.  Because the gist of defendant's motion is that plaintiff failed to file his federal suit within the sixty-day statute of limitations, the court initially views this motion as brought pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted).  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) ("[w]hile the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted").

However, because defendant has expanded the record by including portions of the administrative record, the court will treat the motion as one for summary judgment pursuant to Rule 56.  *See* Rule 12(b). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III.  Discussion

The sixty-day statute of limitations as set forth in § 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). However, this limitation is not jurisdictional and is subject to equitable tolling.  *See Bowen*, 476 U.S. at 478-80; *Cook v. Commissioner of Social Security*, -- F.3d --, slip op. at 4 (6th Cir. March 21, 2007);  *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005).

### A. Plaintiff's complaint was untimely

### 1. Mailing

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Filing papers with the court "shall be made by filing them with the clerk of court." Fed. R. Civ. P. 5(e). The local court rules provide the following guidelines for filing papers in this court:

> **Place of Filing.** Pleadings and other papers may be filed with the Clerk at any divisional office. . . A locked filing depository is provided for filing documents during business and certain non-business hours. The Clerk will retrieve documents from the filing depositories twice during each business day. Documents are considered filed with the Court on the date and at the time indicated by the time stamp provided at each filing depository. Documents that are not stamped with the time stamp will be considered filed with the Court on the date and time they are retrieved by the Clerk's office.

W.D. Mich. LCivR 5.4.

Plaintiff does not contest that the complaint should have been filed on or before June 12, 2006. The court record reflects that the clerk's office received the pleading on June 15, 2006 and stamped it "filed" on that date. Based on the court record, plaintiff's complaint was untimely. Courts have strictly construed the statute of limitations in Social Security appeals brought pursuant to § 405(g), dismissing appeals in which the claimant missed the filing deadline by a single day. *Cook,* -- F.3d --, slip op. at 4-5; *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *Davidson v. Secretary of Health, Education and Welfare*, 53 F.R.D. 270, 271 (N.D. Okla. 1971).

Plaintiff provides no authority to support his proposition that mailing a complaint is equivalent to filing a complaint for statute of limitations purposes. Nothing in the Federal Rules of Civil Procedure provide that "an action is deemed 'filed' upon mailing by a plaintiff." *McNeil v. United States*, No. 1:01-cv-597,  2002 WL 507821 at *1 (W.D. Mich. March 7, 2002). The "mailbox rule," which allows certain incarcerated individuals to file pleadings by placing them in

the prison mail, is inapplicable here, because plaintiff is not a prisoner. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). *See e.g.*, *United States v. Kuebler*, No. 99-60713, 2000 WL 554665 (5th Cir. April 13, 2000) ("mailbox rule" does not apply to person who was not incarcerated). Accordingly, the court concludes that plaintiff's complaint is untimely.

### 2. The Appeals Council Notice

Next, plaintiff contends that the Appeals Council improperly issued the Notice of Appeals Council Action because it is dated on a Saturday. This contention is without merit. Plaintiff cites no authority to support his claim that an Appeals Council Notice dated on a Saturday is *per se* improper or defective. Nor does he present any evidence that the Appeals Council acted improperly in issuing this notice. This court is not prepared to disregard a document generated by the Social Security Administration simply because it bears the date of Saturday, April 8, 2006. This argument is without basis and must be rejected.

### B. Equitable tolling

Although plaintiff does not explicitly request the court to equitably toll the statute of limitations, such a request is implicit from his court filings. There are five factors to be considered in determining whether a statute of limitations is subject to equitable tolling: (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). These five factors are not comprehensive, nor are the factors relevant in all cases. *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). The Sixth Circuit has repeatedly emphasized that equitable tolling should be

applied "sparingly." *Dunlap*, 250 F.3d at 1008-1009; *accord Amini*, 259 F.3d at 500 ("[t]his circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly").

Plaintiff gives two reasons to explain the late filing. First, he states that his attorney mailed it on June 8, 2006, four days before the deadline, because "[t]he only realistic method of delivery" from counsel's offices in Adrian and Ann Arbor, Michigan "was by the United States mail." Plaintiff's Memorandum at 2. Second, he contends that the Appeals Council's notice was possibly defective because "it was allegedly issued and mailed on April 8, 2006, which was a Saturday." *Id.* Neither of these explanations provide the type of exceptional circumstances for which the statute of limitations should be equitably tolled. *Dunlap*, 250 F.3d at 1008-1009. Plaintiff does not claim that he lacked actual or constructive notice of the filing requirement, or that he was reasonably ignorant of that requirement. *Id.* at 1008. The record reflects that plaintiff and his counsel were aware of the filing requirements, but simply failed to meet them.

Finally, plaintiff could have, but did not, seek an extension of time from the Appeals Council to file his complaint for court review. In the recent decision of *Cook v. Commissioner of Social Security*, in which the claimant filed his district court appeal one day late, the Sixth Circuit found that the failure to seek an extension of time from the agency was germane to determining the issue of equitable tolling:

> In addition, the Appeals Council's notice states that a claimant may ask the Council for an extension of time to file for court review and explains how and to whom such a request must be made. ("You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.") Cook does not allege that he requested an extension or communicated with the SSA in any way prior to filing his complaint in federal court, nor does he offer any excuse for why he could not have filed well within the 60-day filing period. Although allowing Cook to file his complaint one date late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social

Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.

We therefore conclude that Cook's equitable-tolling claim is without merit in light of the five factors set out in *Dunlap*. In the end, this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits.

*Cook*, -- F.3d --, slip op at 5.

Under these circumstances, there is no basis to apply equitable tolling to this suit.

### III.    Recommendation

I respectfully recommend that defendant's motion to dismiss (docket no. 7) be **GRANTED** and that the complaint be dismissed as untimely.


Dated:  May 3, 2007                           /s/ Hugh W. Brenneman, Jr.
                                              Hugh W. Brenneman, Jr.
                                              United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).